## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  05 CR 408 |
| | ) |
| P. NICHOLAS HURTGEN, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

The government has filed a motion to reconsider the order of March 20, 2007, which dismissed the defendant Hurtgen from the superseding indictment.  The government argues that the decision was erroneous in regard to both the fraud counts and the extortion count.

## **Mail and Wire Fraud**

The basis of the dismissal of the fraud counts was that the superseding indictment fails to allege that Hurtgen knew that a fraud involving wrongful financial gain was being committed.  The memorandum opinion of March 20 does concentrate on the alleged kickback to Levine, because that is the primary focus of the indictment.  In its motion to reconsider, the government argues that the financial gain need not have been to Levine but could have been to someone else, citing United States v. Spano, 421 F.3d 599

(7th Cir. 2005). This is true, and in fact the government made the same point during the briefing of the motion to dismiss. (Govt.'s Resp. to Def. Hurtgen's Mot. to Dismiss Counts 1-6 and 24 of the Superseding Indictment at 18 n.4.) But Spano is inapposite. In stating that "[a] participant in a scheme to defraud is guilty even if he is an altruist and all the benefits of the fraud accrue to other participants," id. at 603, the Court was addressing an argument made by Cicero Town President Betty Loren-Maltese, who contended that the evidence at trial had been insufficient to show that she derived any benefit from the $10 million fraud against the Town that would establish her guilt on an honest services theory. See id. at 602. In fact, Loren-Maltese was at the hub of the fraudulent scheme, and it was only through her cooperation that the scheme could have been successful. This is what the Court had in mind when it referred to her as "a key player in the fraud by virtue of her position as the Town's mayor," id., and when it stated that a "participant in a scheme to defraud is guilty even if he is an altruist and all the benefits of the fraud accrue to other participants." Id. at 603 (emphasis added).) The problem with Hurtgen's indictment is that it does not allege that he knew anyone was to obtain a fraudulent financial gain. Without such an allegation, the indictment does not charge that he was a participant in the fraud, as Loren-Maltese was in the fraud committed against her Town.

**Extortion**

The government's argument here appears to be a recapitulation of the points it made during the briefing on the motion to dismiss. It is contended that we failed to give adequate consideration to the two prongs of the extortion statute, fear of economic harm and color of official right. We think the opinion of March 20, 2007, addressed both issues before concluding that there was an absence of any allegation that Hurtgen knew that Edward Hospital was to be <u>wrongfully</u> deprived of its property (whether that be by fear of economic harm or under color of official right, or both) as required by 18 U.S.C. § 1951(b)(2). The government argues that "the color of official right prong simply requires the government to plead and prove that a public official attempted to obtain property to which he was not entitled, believing that the property would be given to him in return for the taking or influencing of official action. ... That is what is charged here and the official right extortion should proceed to trial." (Govt.'s Mot. to Reckons. at 7(citations omitted).) Because the extortion count incorporates the allegations relating to the fraudulent scheme, this argument would be good as against Levine, since the description of the scheme alleges that he and Kiferbaum were contemplating a kickback to Levine. But it is <u>not</u> good as against Hurtgen, who is not alleged to have had knowledge of an intended

kickback to Levine or of an intended fraudulent payment to any other participant in the fraud, such as Kiferbaum.[1]

### Conclusion

The government's motion to reconsider is denied.

DATE:   May 3, 2007

ENTER:   _____
         John F. Grady, United States District Judge

---

[1] See discussion in Memorandum Opinion of March 20, 2007 at 20-21.